UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynk Media LLC, <br><br> Plaintiff, <br><br> v. <br><br> The Daily Beast Company LLC, <br><br> Defendant. | Case No: <br><br> JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff Lynk Media LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The Daily Beast Company LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Oliya Fedun ("*Fedun*") created a series of videos (hereinafter referred to collectively as the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Upon information and belief, Defendant is a for-profit American news website focused on politics, media, and pop culture that has been characterized as a "high-end tabloid."

4. Defendant offers limited access to its stories at no cost but requires a subscription to unlock the full content of the articles they publish.

5. As a part and in furtherance of its business model and content distribution, Defendant owns and operates a website at domain www.thedailybeast.com (the "*Website*").

6. Defendant, without permission or authorization from Plaintiff, actively displayed the Videos on the Website and engaged in this misconduct knowingly and in violation of the United

States copyright laws in order to increase its revenues by increasing its number of subscribers..

## PARTIES

7. Lynk Media LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

8. Upon information and belief, defendant The Daily Beast Company LLC, is a Delaware limited liability company with a principal place of business at 555 West 18th Street, 2nd Floor, New York in New York County, New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

15. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

16. On September 16, 2024, Fedun first published a video of Kenwood Elementary

School in Springfield, Ohio being evacuated ("*Video 1*"). A copy of Video 1 is attached hereto collectively as <u>Exhibit 1</u>.

17. On September 30, 2024, Video 1 was registered by the USCO under Registration No. PA 2-501-590.

18. On December 19, 2024, Fedun first published a video of protesters outside the Blair County Courthouse in Hollidaysburg, Pennsylvania ("*Video 2*"). A copy of Video 2 is attached hereto collectively as <u>Exhibit 1</u>.

19. On January 13, 2025, Video 2 was registered by the USCO under Registration No. PA 2-521-936.

20. In creating the Videos, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recordings and made each and every artistic determination necessary for the creation of the works.

21. Fedun created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution.

22. Plaintiff acquired the rights in and to the Videos by way of written assignment.

**B.  Defendant's Infringing Activity**

23. Defendant is the registered owner of the Website and is responsible for its content.

24. Defendant is the operator of the Website and is responsible for its content.

25. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

26. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

27. The Website is monetized in that it offers subscription services to the public and, on information and belief, Defendant profits from these activities.

28. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

29. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific marketing and journalistic practices including the need to ensure that material used in their on-line posts have been properly licensed.

30. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

31. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

32. Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

33. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

34. On or about September 16, 2024, without permission or authorization from Plaintiff, Defendant volitionally displayed Video 1 on the Website as part of an on-line story at URL: https://www.thedailybeast.com/trumps-pet-eating-conspiracy-upends-life-in-springfield-ohio ("*Infringements 1-3*"). Copies of screengrabs depicting Infringements 1-3 on the Website are attached hereto collectively as Exhibit 2.

35. On or about December 19, 2024, without permission or authorization from Plaintiff, Defendant volitionally displayed Video 2 on the Website as part of an on-line story at URL: https://www.thedailybeast.com/luigi-mangione-arrives-at-pennsylvania-courthouse-as-protesters-assemble-outside/ ("*Infringement 4*"). A copy of a screengrab depicting Infringement 4 on the Website is attached hereto collectively as Exhibit 2.

36. The Infringements are copies of Plaintiff's original video recordings that were

directly displayed on the Website by Defendant.

37.  Upon information and belief, the Videos were displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos.

38.  The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

39.  Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Website, including, but not limited to copying, posting, selecting, commenting on, and displaying video recordings including but not limited to Plaintiff's Videos.

40.  Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to Mary Ann Akers whereby listed on Defendant's Website as "Washington Bureau Chief," Lily Mae Lazarus listed as "Breaking News Intern," and Dan Ladden-Hall listed as "Breaking News Editor" (hereinafter referred to collectively as the "*Employees*").

41.  Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringements.

42.  Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringements.

43.  Upon information and belief, the Videos were willfully and volitionally posted to the Website by Defendant.

44.  Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements were apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

45. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

46. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

47. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on the Website and exercised and/or had the right and ability to exercise such right.

48. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

49. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

50. Upon information and belief, a large number of people have viewed the unlawful display of the Videos on the Website.

51. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

52. Defendant's use of the Videos harmed the actual market for the Videos.

53. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

54. On April 10, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

55. Thereafter, on June 13, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

56. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

57. Further, despite Plaintiff's notification to Defendant concerning its infringing

6

activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Videos are original, creative work in which Plaintiff owns valid copyrights.

61. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

63. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

64. Defendant's display of the Videos constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in

its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 25, 2025

                                          **SANDERS LAW GROUP**

                                          By:   */s/ Craig Sanders*
                                          Craig Sanders, Esq.
                                          333 Earle Ovington Blvd, Suite 402
                                          Uniondale, NY 11553
                                          Tel: (516) 203-7600
                                          Email: csanders@sanderslaw.group
                                          File No.: 131755

                                          *Attorneys for Plaintiff*